UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE ANDERSON,<br>Petitioner,<br>v.<br>DANIEL CUEVA,<br>Respondent. | Case No. 20-cv-06806-PJH<br><br>**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE** |

Petitioner, a state prisoner, filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner also seeks a stay to exhaust further claims.

## BACKGROUND

Petitioner was convicted on August 19, 2016, for mayhem, assault with a firearm, second degree robbery and assault with means likely to produce great bodily injury. Petition at 1. He was sentenced to 46 years in state prison. *Id*. His direct appeals were denied. Petition at 2.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court improperly denied his request to discharge retained counsel; and (2) the trial court imposed an improper sentence. Docket No. 3 at 12-13.

Petitioner also seeks a stay to exhaust further claims regarding ineffective assistance of counsel. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Id.* at 277-78. Liberally construing the motion, petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there do not appear to be any intentionally dilatory litigation tactics by petitioner.

This case will be stayed for petitioner to exhaust the remaining claims. Petitioner is informed that before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**. Petitioner's motion for a stay (Docket No. 3) is **GRANTED** and this case is **STAYED** to allow petitioner to present his unexhausted claims in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

2. The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October 27, 2020

                                          */s/ Phyllis J. Hamilton*
                                          PHYLLIS J. HAMILTON
                                          United States District Judge